HANSON BRIDGETT LLP
ANDREW G. GIACOMINI, SBN 154377
agiacomini@hansonbridgett.com
CHRISTOPHER D. JENSEN, SBN 235108
cjensen@hansonbridgett.com
PATRICK BURNS, SBN 300219
pburns@hansonbridgett.com
ALENE M. TABER, SBN 218554
ataber@hansonbridgett.com
BIANCA A. VELEZ, SBN 339795
bvelez@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for
DOES 1-150, Individual Persons

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

DOES 1-150, Individual Persons,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF INTERIOR, a federal agency; DOUG BURGUM, Secretary of the Interior; NATIONAL PARK SERVICE, a federal agency; JESSICA BOWRON, Acting Director the National Park Service; DAVID SZYMANSKI, Regional Director, Pacific West Region; and THE NATURE CONSERVANCY a District of Columbia nonprofit corporation,

Defendants.

Case No. 3:25-cv-01115-MMC

**PLAINTIFFS' OPPOSITION TO THE CENTER FOR BIOLOGICAL DIVERSITY'S AND WESTERN WATERSHEDS PROJECT'S MOTION TO INTERVENE**

Date: June 6, 2025
Time: 9:00 AM
Crtrm.: 7 (19th Floor)

Judge: Maxine M. Chesney

## I. INTRODUCTION

Plaintiffs Does 1-150 ("Plaintiffs") oppose the Center for Biological Diversity's and Western Watersheds Project's (collectively, "Proposed Intervenors") Motion to Intervene. The Motion to Intervene fails to establish a right to intervene pursuant to Rule 24(a), fails to meet the threshold for permissive intervention under Rule 24(b), and must be denied.

Proposed Intervenors have not met their burden to make a very compelling showing to rebut the presumption that the existing parties, Federal Defendants—the United States Department of the Interior, Doug Bergum, the National Park Service ("NPS"), Jessica Bowron, and David Szymanski (collectively the "Federal Defendants")—and The Nature Conservancy, adequately represent their common interests. Modern Ninth Circuit case law instructs that the presumption that a government defendant adequately represents intervenors applies to proposed intervenors who were former parties to challenged actions. Thus, Proposed Intervenors' involvement in *RRI v. NPS I* and *RRI v. NPS II* is not dispositive here. Proposed Intervenors' Proposed Motion to Dismiss raises similar arguments to the Motions to Dismiss filed by Federal Defendants and TNC, and fails to demonstrate new, different arguments or facts to benefit the case. Thus, Proposed Intervenors' interests are adequately represented by existing parties, and their participation would only serve to cause undue delay and prejudice to Plaintiffs by distracting from the central issues at stake in this case—the forced displacement of ranch workers and residents.

For these reasons and the further arguments made below, the Motion to Intervene as a matter of right must be denied, and the Court should exercise its broad discretion to deny permissive intervention.

## II. BACKGROUND

On October 15, 2024, Plaintiffs filed a Motion to Intervene in *Resource Renewal Institute v. NPS*, Case No. 3:22-cv-145-MMC (N.D. Cal.) to prevent a secret settlement from being executed that would end commercial ranching in Point Reyes, and in turn displace dozens of ranch workers and residents. Case No. 3:22-cv-145-MMC, ECF No. 108. The Court denied Plaintiff's Motion. Shortly thereafter, Proposed Intervenors, NPS, and TNC, executed the secret settlements to end that litigation. Request for Judicial Notice in Support of Plaintiffs' Opposition to Motion to

Intervene ("RJN"), Ex. 1 [NPS News Release for the negotiations—in which Plaintiffs had no say and the ranchers were coerced into settling and offered large sums of money in exchange for relinquishing their ranches]. Plaintiffs filed this action on February 3, 2025 and seek to challenge the validity of those settlements. ECF No. 1. In particular, Plaintiffs claim violations of the Fifth Amendment, the Fair Housing Act, the Declaratory Judgment Act, the National Environmental Policy Act/Administrative Procedures Act, the All Writs Act, and the California Tenant Protection Act/Administrative Procedures Act. ECF No. 1.

Proposed Intervenors allege to have an interest in the "the protection of the natural resources, values, and wildlife within Point Reyes." EFC No. 38, 8: 17-18. In particular, they move to intervene in this litigation to defend NPS's issuance of the 2025 Revised ROD, which was prompted by a series of secret settlement agreements whereby commercial ranchers at Point Reyes "voluntarily" agreed to sell their ranches and relocate. The secret settlements and 2025 Revised ROD will displace dozens of agricultural workers that live and work on the ranches, some of which have lived in the region for over 30 years. See ECF No. 1. Departing Ranchers have 15 months from January 15, 2025, the settlement execution date, to relocate their cattle and their workers/residents. ECF No. 1, ¶ 66.

Plaintiffs seek to stop the displacement of ranch workers and residents by challenging the validity and legality of the settlement agreements. See ECF No. 1. In the same way that Proposed Intervenors seek to protect and preserve the settlement agreements and 2025 Revised ROD, so does NPS and TNC—two existing parties in this lawsuit. In their Motion to Dismiss, Federal Defendants assert that they wish to preserve the 2025 Revised ROD because "vacating the 2025 Revised ROD, standing alone, would not redress Plaintiffs' injuries." EFC No. 36, 8: 3-5. Additionally, TNC's Director of Protection stated in a press release issued by TNC, "the [settlement] achieved was hard-fought, requiring all parties to come to the table with creativity to resolve this long standing conflict." RJN, Ex. 2 [TNC Newsroom]. TNC further provides that, "the settlement resolves a long-standing and complex conflict at Point Reyes that created an untenable situation" and that TNC will do its part to ensure a smooth relocation transition for departing ranchers and residents. Clearly, NPS and TNC seek to preserve the settlement

agreements and 2025 Revised ROD. Thus, Proposed Intervenors are adequately represented by existing parties and their Motion to Intervene should be denied.

## III. ARGUMENT

Proposed Intervenors' Motion to Intervene must be denied for (A) failure to establish entitlement to intervention as a matter of right under Rule 24(a) and (B) failure demonstrate that permissive intervention is appropriate under Rule 24(b) and the *Spangler* factors. But, (C) if the Court is inclined to grant Proposed Intervenors' Motion to Intervene, Plaintiffs ask that the Court limit the scope of intervention appropriately.

### A. Proposed Intervenors Must Be Denied Intervention as of Right Because Proposed Intervenors Fail to Make a "Very Compelling Showing" that the Federal Defendants Do Not Adequately Represent Their Shared Interests in Environmental Conservation Defense of the 2025 Revised ROD.

Proposed Intervenors fail to demonstrate all required elements for intervention as of right, and their Motion to Intervene must be denied accordingly. Proposed Intervenors are undoubtedly adequately represented by existing parties.

Adequacy of representation is determined by considering whether (1) "the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;" (2) "the present party is capable and willing to make such arguments;" and (3) "a proposed intervenor would [not] offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003); *see Exec. Risk Specialty Ins. Co. v. Rutter Hobbs and Davidoff, Inc.*, 564 Fed. Appx. 887, 888 (9th Cir. 2014).

There is an assumption of adequacy when the government is acting on behalf of a constituency that it represents. *Arakaki, supra*, 324 F.3d at 1086. In the absence of a "very compelling showing to the contrary," it will be presumed that a state adequately represents its citizens when the applicant shares the same interest. *Ibid*. An applicant for intervention must proffer sufficient evidence to show that the government will take an undesirable legal position in order to rebut the presumption of adequate representation. *Prete v. Bradbury*, 438 F.3d 949, 958 (9th Cir. 2006) [Proposed intervenor's claim that "defendant may not be able to provide a complete defense of Measure 26 due to 'budget constraints'" was insufficient to show inadequacy

of representation.]; *Oakland Bulk & Oversized Terminal, LLC v. City of Oakland*, 960 F.3d 603, 620 (9th Cir. 2020) [Proposed intervenor's contention of a narrower interest on health, safety and environmental protections as opposed to city's broader concerns was insufficient to rebut presumption of adequacy.]; *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 442 (9th Cir. 2006) [holding that an applicant "must demonstrate a likelihood that the government will abandon or concede a potentially meritorious" position.].

Proposed Intervenors claim (1) they are the only parties dedicated to reducing impacts from ranching operations and restoring natural ecosystems at the PRNS; (2) their defense of the 2025 Revised ROD "may be more vigorous" because of this interest and desire that ranching be phased out; and (3) there is a history of adversarial proceedings between Proposed Intervenors and NPS, pointing to the previous litigation regarding the 2021 ROD. Proposed intervenors limit their proposed intervention to the NEPA cause of action challenging the 2025 ROD, and do not address whether TNC may represent their interest in preserving the environment.

First, Proposed Intervenors are not the only entities whose missions are to protect the natural resources at Point Reyes. Both NPS and TNC focus on environmental protection and conservation. NPS's mission is to "preserve[] unimpaired the natural and cultural resources and values of the National Park System for the enjoyment, education, and inspiration of this and future generations." RJN, Ex. 3. TNC's mission "is to conserve the lands and waters on which all life depends." RJN, Ex. 4. An assertion that a proposed intervenor's interest is narrower than a government defendant's broader concerns is generally insufficient to rebut the presumption of adequacy of representation. *Oakland Bulk & Oversized Terminal, LLC, supra*, 960 F.3d at 620. NPS, TNC and Proposed Intervenors hold the same interest with regard to preservation and conservation, and Proposed Intervenors fail to make a very compelling showing to the contrary. *Arakaki, supra*, 324 F.3d at 1086.

Second, Proposed Intervenors' claim that their defense of the 2025 Revised ROD *may be* more vigorous than the Federal Defendants' is insufficient without any further showing of evidence that the government will take a undesirable legal position. *Prete, supra*, 438 F.3d at 958. Proposed Intervenors and the Federal Defendants both wrote Motions to Dismiss with very similar

arguments, so any alleged more vigorous defense is not evident. ECF No. 36, 38-6. Minor differences in litigation strategy are not grounds for intervention where parties share the same ultimate objective, as is the case here. *Arakaki, supra*, 324 F.3d at 1086; *N.W. Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996).

Third, despite the original lawsuits, *RRI v. NPS I* and *RRI v. NPS II,* Proposed Intervenors and NPS are not truly averse in this matter. Plaintiffs plead a conspiracy exists between the Proposed Intervenors and NPS, arising from their conduct during *RRI v. NPS II*, because it appeared as if their interests and actions aligned. ECF No. 1. Further, evidence that proposed intervenors sued the government entity defendant "numerous times to compel compliance with various environmental statutes" is insufficient to rebut a presumption of adequacy. *N.W. Forest Resource Council*, 82 F.3d at 838 [Environmental group's minor differences opinion with government defendant did not demonstrate inadequacy of representation, despite previous averse litigation.]

Proposed Intervenors cite two cases to support the argument that Proposed Intervenors have an interest in defending their prior settlements in *RRI v. NPS I* and *RRI v. NPS II* that cannot be adequately represented by Federal Defendants: *Idaho Farm Bureau Fedn. v. Babbitt*, 58 F.3d 1392, 1398 (9th Cir. 1995) and *Fresno Cnty. v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980). But, both of these cases were decided prior to the Ninth Circuit's ruling in *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) where the Court prescribed a "compelling burden" to the proposed intervenor to overcome the presumption of adequate representation where an existing party represents the same interest. *Babbitt* and *Andrus* would not have been decided the same way post-*Arakaki.* Thus, Proposed Intervenors arguments lack any current case law to support this argument.

See, for instance, *Exec. Risk Specialty Ins. Co. v. Rutter Hobbs and Davidoff, Inc*., 564 Fed. Appx. 887, 888 (9th Cir. 2014), where the court denied a proposed intervenor's motion to intervene as of right and permissively where an existing party already represented the same ultimate objective of defending the settlement agreement, and proposed intervenor failed to make "a compelling showing" to rebut the "presumption of adequacy of representation." *Exec. Risk*

*Specialty Ins. Co. v. Rutter Hobbs and Davidoff, Inc.*, 564 Fed. Appx. 887, 888 (9th Cir. 2014). Similarly, Proposed Intervenors fail to state a compelling factual case as to why the existing parties cannot adequately defend the prior settlement. ECF No. 38, 13:1-14, 14:9.

Thus, Proposed Intervenors failed to meet their burden of a "very compelling showing" that the existing parties do not adequately represent their rights, and must be denied intervention as a matter of right.

**B. Proposed Intervenors Fail to Demonstrate That the Permissive Intervention Factors Weigh in Their Favor Because Their Proposed Interest in the Case is Already Adequately Represented and They Do Not Propose New Arguments or Facts to Assist Case Development.**

Proposed Intervenors fail to demonstrate that the *Spangler* factors weigh in favor of permissive intervention, and fail to consider the prejudicial impact of intervention on existing parties. The Court should exercise its broad discretion and deny permissive intervention accordingly. The *Spangler* factors include, but are not limited to: (1) the nature and extent of the intervenors' interest, (2) their standing to raise relevant legal issues, (3) the legal position they seek to advance, (4) its probable relation to the merits of the case, (5) whether the intervenors' interests are adequately represented by other parties, (6) whether intervention will prolong or unduly delay the litigation, (7) and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented. *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977); *Perry v. Schwarzenegger,* 630 F.3d 898, 906 (9th Cir. 2011). The district court has broad discretion to make a determination on permissive intervention. *Perry*, 630 F.3d at 905.

As discussed above in Section III.A, Proposed Intervenors' interest is adequately represented in this case by NPS and TNC, and they do not propose any new arguments or evidence to contribute to case development. See *Dep't of Fair Emp't & Hous. v. Lucent Techs. Inc.,* 642 F.3d 728, 742 (9th Cir.2011) [Proposed intervenor denied permissive intervention because it was adequately represented by government defendant.]; *Perry, supra,* 630 F.3d at 906 [Court denied permissive intervention because proposed intervenors had no new arguments or evidence to contribute.]; *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) ["Allowing

intervention would only serve to undermine the efficiency of the litigation process."]; *Exec. Risk Specialty Ins. Co., supra*, 564 Fed. Appx. at 889–90; *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989) [Proposed intervenor failed to "produce something more than speculation as to the purported inadequacy."].

Further, Proposed Intervenors fail to address the majority of the *Spangler* factors, including whether they have standing. See ECF No. 38, 15:20-24. Proposed Intervenors do not allege a concrete injury. The harm they describe is speculative and dependent on a future order of this Court to undo the prior settlement.

The Court must consider the prejudicial impact of intervention on existing parties. Fed. R. Civ. P. 24(b)(3). Proposed Intervenors intervention would only serve to unduly delay and prejudice Plaintiffs. Proposed Intervenors intend to enter this case with an immediate dispositive motion that raises very similar issues as the other Motions to Dismiss. Fed. R. Civ. P. 24(b)(3); *Donnelly*, 159 F.3d at 412. The Court is already familiar with the case management issues raised in the early stages of this litigation. It need not add to its case management burden by adding additional parties that do not have a distinct interest and have thus far demonstrated that they will contribute little to the Court's understanding of the issues in the case.

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) is inapplicable here. In that case "the government declined to defend fully from the outset," whereas in the present case, the Federal Defendants and TNC both filed lengthy Motions to Dismiss, raising similar issues to those raised in Proposed Intervenors' Proposed Motion to Dismiss. There is no indication that NPS (or TNC) will not vigorously defend this case. Accordingly, the Court should exercise its broad discretion and deny Proposed Intervenors request for permissive intervention.

**C. If This Court Grants Proposed Intervenors' Motion to Intervene, It Should Limit the Scope of Intervention.**

If this Court is inclined to grant the Proposed Intervenors' motion to intervene, it should limit their participation to issues concerning the 2025 Revised ROD. The Court's authority to "grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues." *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741

(9th Cir. 2011) (citations omitted). Such a limitation is warranted here to prevent the Proposed Intervenors from expanding the scope of this litigation to matters unrelated to their alleged interests. Further, Proposed intervenors themselves limit their proposed intervention to the NEPA cause of action challenging the 2025 ROD. ECF No. 38, 14:7-9.

Limiting intervention to Plaintiffs' causes of action challenging the 2025 Revised ROD is appropriate because that is the only aspect of this litigation in which Proposed Intervenors have expressed an alleged interest. Allowing Proposed Intervenors to participate in issues beyond the 2025 Revised ROD would risk injecting collateral matters into the case, increasing complexity, and undermining judicial efficiency—all without advancing the interests of justice or the purposes of Rule 24.

## IV. CONCLUSION

For the reasons set forth above, the Court should deny Proposed Intervenors' Motion to Intervene both as of right and on a permissive basis. If the Court decides to permit Proposed Intervenors to join this lawsuit, the Court should exercise its discretion to limit their intervention to only issues related to the 2025 Revised ROD.

DATED: May 16, 2025

HANSON BRIDGETT LLP

By: ______________________

ANDREW G. GIACOMINI
PATRICK BURNS
ALENE M. TABER
BIANCA A. VELEZ
Attorneys for DOES 1-150, Individual Persons

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2025, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO THE CENTER FOR BIOLOGICAL DIVERSITY'S AND WESTERN WATERSHEDS PROJECT'S MOTION TO INTERVENE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| **Jeffrey Scott Thomas**<br>DOJ-Enrd<br>150 M St NE<br>Washington, DC 20002<br>434-238-0937<br>Email: jeffrey.thomas2@usdoj.gov | Attorney for Defendants<br>UNITED STATE DEPARTMENT OF INTERIOR, NATIONAL PARK SERVICE, JESSICA BOWRON, DOUG BURGUM AND DAVID SZYMANSKI |
| **David William Gehlert**<br>US Dept. of Justice<br>999 18th Street, South Terrace<br>Suite 370<br>Denver, CO 80202<br>303-844-1386<br>Email: david.gehlert@usdoj.gov | |
| **Jetta Cook**<br>**Owen McAleer**<br>**Thomas Michael Donnelly**<br>Jones Day<br>555 California Street<br>26th Floor<br>San Francisco, CA 94104<br>415-875-5769<br>Email: jettacook@jonesday.com<br>omcaleer@jonesday.com<br>tmdonnelly@jonesday.com | Attorney for Defendant<br>THE NATURE CONSERVANCY |

Bianca A. Velez
Attorneys for DOES 1-150, Individual Persons