Thomas M. Donnelly (State Bar No. 136546)
tmdonnelly@jonesday.com
Jetta E. Cook (State Bar No. 348132)
jettacook@jonesday.com
Owen C. McAleer (State Bar No. 359242)
omcaleer@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: +1.415.626.3939
Facsimile: +1.415.875.5700

Attorneys for Defendant
THE NATURE CONSERVANCY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Does 1-150, Individual Persons,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF INTERIOR ("INTERIOR"), a federal agency; DOUG BURGUM, Secretary of the Interior; NATIONAL PARK SERVICE, a federal agency; JESSICA BOWRON, Acting Director of the National Park Service; DAVID SZYMANSKI, Regional Director, Pacific West Region; THE NATURE CONSERVANCY, a District of Columbia nonprofit corporation,

Defendants.

Case No. 3:25-cv-01115-MMC

**THE NATURE CONSERVANCY'S OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY FROM FEDERAL DEFENDANTS & THE NATURE CONSERVANCY**

Motion Hearing: None Set

Trial Date: None Set

Judge: Hon. Maxine M. Chesney

## I. INTRODUCTION

In their Motion for Order Requiring Federal Defendants and The Nature Conservancy ("TNC") to Produce All Documents Responsive to Plaintiffs' Limited Discovery Requests ("Motion for Discovery," ECF No. 56), Plaintiffs seek a broad range of documents—including confidential, bilateral agreements that TNC has entered into with the same departing ranchers that Plaintiffs have dismissed from this case, and irrelevant communications with the Natural Resources Committee of the U.S. House of Representatives—without explaining, as the law requires, why they need the documents they seek from TNC to oppose the Federal Defendants' jurisdictional challenge. Plaintiffs acknowledge that they seek this discovery ***not*** to oppose TNC's Motion to Dismiss, but only to oppose the Federal Defendants' Motion to Dismiss. ECF No. 56 at 2. And the discovery they seek is not relevant (let alone necessary) to oppose the Federal Defendants' 12(b)(1) argument that Plaintiffs lack any redressable injury: the documents Plaintiffs seek, such as agreements that do not relate to Plaintiffs, cannot prove the key (and unsupported) allegation that Plaintiffs have been forcibly evicted from the Seashore.

TNC should not face this burden, especially where Plaintiffs are not seeking discovery to rebut any of TNC's 12(b)(1) or 12(b)(6) arguments. This Court should deny Plaintiffs' Motion for Discovery as to TNC pending its ruling on TNC's Motion to Dismiss.

## II. ARGUMENT

Plaintiffs seek discovery "in order to fairly respond to [jurisdictional] issues raised by Federal Defendants" in their Motion to Dismiss. ECF No. 56 at 2. Jurisdictional discovery is permissible when material facts bearing on jurisdiction are disputed in a motion to dismiss. *Thornhill Pub. Co, Inc.. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Yet parties who seek jurisdictional discovery bear the burden of "outlin[ing] the scope of such desired discovery, [and] provid[ing] the Court with clear reasons how such discovery would allow them to demonstrate [jurisdiction]." *Michael v. New Century Fin. Servs.*, 65 F. Supp. 3d 797, 805 n. 1 (N.D. Cal. 2014) (internal citation omitted). Moreover, discovery sought for jurisdictional arguments must be limited to materials containing "jurisdictionally relevant facts." *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023) (affirming blanket denial of jurisdictional

discovery where most of the information sought was irrelevant to jurisdiction). Plaintiffs have failed to meet these threshold requirements, and so discovery from TNC should be denied.

### A. Plaintiffs' Broad Discovery Requests Do Not Comply with Requirements for Limited Jurisdictional Discovery.

Discovery sought for jurisdictional arguments must be limited to materials containing "jurisdictionally relevant facts." *See Yamashita,* 62 F.4th at 507. Plaintiffs ignore this limitation in seeking a broad range of documents from TNC, ECF No. 56-1 Ex. 3, while offering no rational explanation as to why the documents they seek from TNC are necessary for their response to the Federal Defendants' jurisdictional challenge. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) (holding that "a mere hunch that [discovery] might yield jurisdictionally relevant facts, or bare allegations … are insufficient reasons for a court to grant jurisdictional discovery") (internal quotation marks and citations omitted).

Plaintiffs' Request for Production ("RFP") No. 1 seeks "All Departing Rancher Agreements" and RPF No. 2 seeks "All documents, including communications, that refer or relate to the Departing Rancher Agreements." ECF No. 56-1, Ex. 3 at 31. The Rancher Agreements are private, bilateral agreements with the same ranchers that Plaintiffs have dismissed from this case. ECF No. 14. Plaintiffs do not meet the high burden of clearly demonstrating what material fact they expect the agreements to contain, and why that fact is jurisdictionally relevant. *Michael*, 65 F. Supp. 3d at 805 n. 1. Their only specific allegation is that "the TNC-Rancher Contracts include terms that provide financial benefits to the Departing Ranchers if they evict the Agricultural Workers." ECF No. 56 at 10. Plaintiffs imply that discovery of the contract terms is necessary to rebut the Federal Defendants' causation and redressability argument that "it is TNC's contracts with the ranchers that are causing Agricultural Workers' harm, not the federal government." *Id.* at 4. But they do not offer any explanation (much less a clear one) why this is so. The Departing Rancher Agreements and associated communications are not jurisdictionally relevant: the fact that the Rancher Agreements provide for the ranches to be fully vacated is not in dispute, and Plaintiffs do not explain (nor could they) how this information is relevant to subject matter jurisdiction. None of Defendants' arguments for dismissal turn on how much the Departing Ranchers were paid or

whether the Departing Ranchers are required to evict Plaintiffs. The motions to dismiss make legal arguments based on what is alleged in the Complaint. Therefore, Plaintiffs' desire to obtain the private contracts between TNC and the Departing Ranchers appears to be driven by curiosity rather than a meaningful desire to discover "jurisdictionally relevant facts." *See Yamashita*, 62 F.4th at 507.

Plaintiffs also seek documents not relevant to this litigation, let alone necessary to respond to the Federal Defendants' jurisdictional challenge. As noted above, jurisdictional discovery must be limited to what is necessary to rebut a disputed jurisdictional fact. *Yamashita,* 62 F.4th at 507. In RFP Nos. 3, 4, and 5, respectively, Plaintiffs seek "All documents, including communications, produced by TNC in response to the document demands made in the Congressional letter [from the U.S. House of Representatives, Committee on Natural Resources];" "All documents including communications, responsive to the document demands in the Congressional letter;" and "All documents, including communications, related to the Congressional letter." ECF No. 56-1, Ex. 3 at 31–32. Plaintiffs do not explain how communications with the House Committee—which took place after this case was filed—are relevant here, let alone necessary for jurisdictional discovery. *Michael*, 65 F. Supp. 3d at 805 n. 1; *LNS*, 22 F.4th at 865.[1]

In RFP No. 6, Plaintiffs seek "All documents, including communications, that refer or relate to TNC's decision to offer the buy-outs to the departing ranchers." ECF No. 56-1, Ex. 3 at 32. As with their request for communications relating to the Departing Rancher Agreements, discussed above, Plaintiffs do not explain how documents related to TNC's confidential discussions with the departing ranchers are necessary for their response to the jurisdictional challenge. The only mention made of these confidential discussions in Plaintiffs' Motion for Discovery is the conclusory statement that "[t]he National Park Service cannot plausibly pretend that it had nothing to do with TNC offering buyouts to the ranchers, under a management plan for a national park, adopted by NPS." ECF No. 56 at 9. Again, Plaintiffs do not identify or explain what relevant,

[1] TNC requests that the Court strike Exhibit 4 of Alene Taber's Declaration (the House Committee letter), because this document is not relevant to any claim asserted or motion filed in this action. *See* ECF No. 56-1. This is a blatant attempt to communicate information to the Court that falls outside the claims at issue here.

jurisdictional fact they wish to establish through this burdensome request, nor how that fact would aid in their response to the Federal Defendants' jurisdictional challenge. *See Yamashita*, 62 F.4th at 507.

RPF No. 7 seeks "All documents, including communications, that refer to relate to the Lease Option," and RPF No. 8 seeks "All documents, including communications, that refer or relate to the Cooperative Agreement" between TNC and NPS. ECF No. 56-1, Ex. 3 at 32. Plaintiffs again do not indicate a clear purpose or explain how these documents bear on the jurisdictional challenge. *LNS*, 22 F.4th at 865. Plaintiffs make only a single, passing reference to these materials in their Motion for Discovery, alleging that NPS could not directly compensate the ranchers and therefore "TNC paid the ranchers and in exchange NPS provided TNC with a lease option and cooperative agreement allowing TNC to take over the ranches. ECF 1 [¶¶66-67, 73-74]." ECF No. 56 at 10. As Plaintiff's citation to the Complaint indicates, these factual issues are not disputed in the pending motions to dismiss, and Plaintiffs do not clearly indicate how anything related to the lease option and cooperative agreement could help them rebut the Federal Defendants' jurisdictional arguments as to causation and redressability.

Because Plaintiffs have failed to meet their burden of justifying their discovery requests, their requests as to TNC should be denied.

**B. Granting Plaintiffs' Discovery Requests Would Negate TNC's Motion to Dismiss and Motion to Stay Discovery.**

Production of this wide range of documents from TNC would effectively negate the effect and the judicial economy of TNC's Motion to Dismiss, and render moot TNC's Motion to Stay Discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery"). TNC argues in its Motion to Dismiss that all the three causes of action asserted against it fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). The Fifth Amendment claim fails because: TNC, as a private, non-profit entity, is not a state actor; Plaintiffs do not allege a property interest protected by the Fifth Amendment; and Plaintiffs do not have standing to bring this claim since they do not

allege that an actual violation of the Fifth Amendment has occurred nor that TNC could redress this alleged injury. Because the Fifth Amendment claim fails, so must the related claim for Declaratory Judgment; the Declaratory Judgment Act does not provide an independent cause of action in any event. The California Tenant Protection Act claim fails because Plaintiffs do not allege—nor could they allege—that TNC is a landlord, as required to assert a claim under that statute.

This Court should determine first whether TNC is a proper defendant in this case before requiring TNC to respond to Plaintiffs' overbroad and burdensome discovery—especially discovery of TNC's confidential, bilateral agreements with the departing ranchers, whom Plaintiffs have dismissed from this case.

## III. CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiffs' Motion for Discovery as to TNC, pending its ruling on TNC's Motion to Dismiss.

Dated: May 23, 2025

JONES DAY

By: */s/ Thomas M. Donnelly*
Thomas M. Donnelly

Attorneys for Defendant
THE NATURE CONSERVANCY