IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT CALIFORNIA

DOES 1 – 150, Individual Persons,

Plaintiffs,

v.

NATIONAL PARK SERVICE, a federal agency, et al.,

Defendants.

No. Case 3:25-cv-1115

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY**

**No hearing requested**

## I. INTRODUCTION

In this action challenging the 2025 Record of Decision revising the General Management Plan for Point Reyes National Seashore, the Federal Defendants and the Nature Conservancy ("TNC") have filed motions to stay discovery pending resolution of their fully dispositive motions to dismiss. ECF Nos. 36, 44, 45, and 46. Rather than responding to the merits of the stay motions, ECF Nos. 44 and 46, Plaintiffs seek sweeping jurisdictional discovery, asserting that potentially thousands of documents are necessary for them to adequately respond to Federal Defendants' Motion to Dismiss. ECF No. 55. The Court should deny Plaintiffs' motion for jurisdictional discovery because it: (1) lacks merit, and (2) serves as an end run around Defendants' well-founded stay motions by requiring Defendants to produce documents that Plaintiffs will not be entitled to if they lose at the motion to dismiss stage.[1]

[1] At the case management conference, the Court *sua sponte* recognized the well-established principle that courts will usually stay discovery pending a ruling on a motion to dismiss when: (1) the motion to dismiss could be fully dispositive, and (2) the pending motion can be decided without discovery (i.e., there is no reason to convert a motion to dismiss into a summary judgment motion). *See*, *e.g.*, *Crowder v. LinkedIn Corp.*, 2023 WL 2405335, at *7 (N.D. Cal. Mar. 8, 2023). Defendants' motions to dismiss are fully dispositive and can be decided without

## II. ARGUMENT

As the Court is aware, motions to dismiss are ordinarily resolved on the four corners of the complaint unless a defendant cites extrinsic facts to attack subject matter jurisdiction. *See Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 (9th Cir. 2006). Plaintiffs, as the moving party, bear the burden of showing the need for jurisdictional discovery. *Molchatsky v. United States*, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), aff'd, 713 F.3d 159 (2d Cir. 2013) ("a party seeking jurisdictional discovery, like a party seeking other kinds of discovery, bears the burden of showing necessity."). Plaintiffs have not met this burden because: (1) the Federal Defendants only cited a single extrinsic document for the uncontestable fact that Plaintiffs will receive offers to relocate; (2) the Federal Defendants' remaining references to documents are facial, not factual, attacks to jurisdiction because Plaintiffs referenced and relied upon those documents in their Complaint; and (3) the sweeping discovery Plaintiffs seek is not even remotely relevant to the only arguable factual attack Federal Defendants mounted to jurisdiction.

### A. Federal Defendants' reliance on the West Marin Community Services Letter should not trigger jurisdictional discovery.

The Federal Defendants relied upon a single document that is extrinsic to Plaintiffs' Complaint—a letter from West Marin Community Services informing Plaintiffs that they will receive "transition support." *See* Ex. 5 to Federal Defendants' Motion to Dismiss, ECF No. 36-5. Federal Defendants cited this publicly available letter in support of their Fed. R. Civ. P. 12(b)(1) argument because Federal Defendants did not believe Plaintiffs would contest that they will receive monetary offers to voluntarily leave their homes. Federal Defendants' reliance on

---

additional discovery, so Defendants should not be put to the time and expense of responding to Plaintiffs' sweeping requests.

Exhibit 5 to further their argument that Plaintiffs have not established an imminent, non-speculative injury-in-fact, *see* ECF No. 36 at 4–5, should not open the door to jurisdictional discovery where Plaintiffs cannot rebut that they will receive monetary offers to relocate. *Laub v. United States DOI*, 342 F.3d 1080, 1093 (9th Cir. 2003) (noting that "a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction" (internal quotation marks omitted)). More specifically, the West Marin letter does not trigger discovery for at least three reasons.

First, Plaintiffs' discovery motion does not address the West Marin letter or why Federal Defendants' reference to that letter entitles Plaintiffs to jurisdictional discovery. Plaintiffs' failure to raise an argument in their motion constitutes a waiver. *Cf. Coos Cnty. Bd. of Cnty. Comm'rs v. Kempthorne*, 531 F.3d 792, 812, n.16 (9th Cir. 2008) (a party must make its legal arguments in its motion and cannot make new arguments for the first time on reply).

Second, discovery is only necessary in connection with a factual attack on subject matter jurisdiction "if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity." *St. Clair v. City of Chico*, 880 F.2d 199, 202 (9th Cir. 1989). Plaintiffs have not demonstrated and cannot demonstrate that discovery will rebut the fact that they will receive offers of payment to leave their homes. *See Baer v. United States*, 722 F.3d 168, 176-77 (3d Cir. 2013) (district court does not abuse discretion denying jurisdictional discovery where plaintiff does not establish "reasonable expectation" of evidence adequately demonstrating jurisdiction) (internal quotation marks omitted).

Finally, the publicly available letter from West Marin Community Services, a public service organization, is judicially noticeable. *See* Fed. R. Evid. 201 ("The court may judicially

notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.”). When a document used in a motion to dismiss is judicially noticeable, it is not considered a factual attack, but rather a facial attack. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017); *see also Engel v. United States*, 702 F. Supp. 3d 986, 1000 (D. Nev. 2023) (“Defendant’s jurisdictional challenges are properly considered facial challenges rather than factual challenges because Defendant does not rely on any non-judicially noticeable extrinsic evidence to demonstrate the absence of jurisdiction.”). If, however, the Court believes the West Marin letter opens the door to jurisdictional discovery, Federal Defendants will simply withdraw the West Marin Letter (which is Exhibit 5 to their Motion to Dismiss) to ensure their jurisdictional arguments are treated as a facial attack.

**B. Federal Defendants’ other arguments are *facial* attacks to jurisdiction.**

Every other document cited in the Federal Defendants’ Motion to Dismiss can be found within the four corners of Plaintiffs’ Complaint. Because these documents were referenced throughout the Complaint and relied upon to advance Plaintiffs’ claims, the Federal Defendants can cite these documents without converting their Motion to Dismiss into a motion for summary judgment and, consequently, without triggering discovery. See *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Smith v. Johnson*, No. C 11-4823 MMC, 2012 WL 1438898, at *2 (N.D. Cal. Apr. 25, 2012) (Chesney, J.); *Rubin v. Trimble*, No. C-95-4353 MMC, 1997 WL 227956, at *15 (N.D. Cal. Apr. 28, 1997) (Chesney, J.).

For example, the 2020 Final Environmental Impact Statement, which was attached as Exhibit 1 to Federal Defendants’ Motion to Dismiss, is referenced by the Complaint at paragraphs 70, 94(C), 102, 120, 132, 134, 135, 136, 138 and is integral to Plaintiffs’ claims. The

same is true for the 2021 ROD (Ex. 2), which is referenced by the Complaint at paragraphs 70, 94(C), 120, 127, 132; the 2025 ROD (Ex. 3) and Supplemental Information Report (Ex. 4), which are referenced by the Complaint at paragraphs 7, 73,127, 132, 134; and the Cooperative Agreement between NPS and TNC (Ex. 6), which is referenced by the Complaint at paragraphs 67, 93(B), 94(G), 132.[2]

Rather than focus on the single arguably extrinsic document cited by Federal Defendants—*i.e.*, the letter from West Marin Community Services—Plaintiffs' discovery motion focuses on the Federal Defendants' reference to the existence of private contracts between TNC and the Departing Ranchers. ECF No. 55 at 4 ("Federal Defendants argue in their Motion to Dismiss that it is TNC's contracts with the ranchers that are causing Agricultural Workers' harm, not the federal government. . . .To support their arguments, Federal Defendants rely upon the secret TNC-Rancher Contracts and assertions about their motivations that are not supported by any tangible evidence.").

In their Motion to Dismiss, Federal Defendants cited the bilateral private contracts between TNC and the Departing Ranchers for two factual premises: (1) the existence of an agreement between TNC and the Departing Ranchers, and (2) TNC, not the Federal Defendants, promised to pay the Departing Ranchers if they wound down their ranching operations. These facts do not justify discovery because both facts are found in Plaintiffs' Complaint. *See* ECF No. 1 ¶ 93(A) ("[t]he Conservancy, who does not have any leases with the Departing Ranchers,

[2] The 2020 Final Environmental Impact Statement (Ex. 1), the 2021 ROD (Ex. 2), the 2025 ROD (Ex. 3), the Supplemental Information Report (Ex. 4), and the Cooperative Agreement (Ex. 6) are all publicly available documents and can be found at: https://parkplanning.nps.gov/documentsList.cfm?parkID=333&projectID=74313. In addition to being referenced throughout Plaintiffs' Complaint, these documents are also judicially noticeable.

nevertheless paid them to terminate their lease interests with the National Park Service and vacate their properties and evict the Agricultural Workers from their homes within 15 months."); ¶ 115 ("[t]here is a need for the Court to declare the parties rights under the law and whether the agreements Departing Ranchers have with the Conservancy are legal."). Thus, contrary to Plaintiffs' assertions, Federal Defendants did not rely on extrinsic evidence for their 12(b)(1) argument that TNC, not the Federal Defendants, contracted with the Departing Ranchers to wind down their operations.

The Federal Defendants' reference to the private contracts between TNC and the Departing Ranchers does not open the gate to discovery. Moreover, as a practical matter, Federal Defendants have never seen nor possessed the private, third-party contracts between TNC and the Departing Ranchers, and therefore could not produce the documents even if ordered to do so. *See Hill v. Eddie Bauer*, 242 F.R.D. 556, 560 (C.D. Cal. 2007) ("[a] party responding to a Rule 34 production request ... 'is under an affirmative duty to seek that information reasonably available to [it] from [its] employees, agents, or others subject to [its] control.'").

**C. Plaintiffs' discovery requests are not narrowly tailored to rebutting a factual attack to jurisdiction.**

Plaintiffs' other sweeping requests for jurisdictional discovery—which include, among other things, all the documents associated with the *Resource Renewal* settlement agreement—are not narrowly tailored to rebutting Federal Defendants' alleged "factual attack" to jurisdiction.[3]

[3] Plaintiffs have, for example, requested "all documents that refer or relate to the settlement agreement." ECF No. 55-1, Ex. 1 at 8 (Request for Production # 13). This request alone would reach virtually every document they would potentially be entitled to as part of regular discovery and far exceeds any plausible need they may have for discovery to rebut the jurisdictional attack at the motion to dismiss stage.

For example, Plaintiffs are requesting all documents related to the Tomales Point Area Plan[4] through discovery. Plaintiffs' own description of the Plan—which they claim authorizes the removal of fencing at Tomales Point that had protected grazing areas from intrusions by tule elk—demonstrates the Plan's irrelevance to rebutting any argument made in the Federal Defendants' 12(b)(1) motion. *See* ECF No. 55 at 9-10. Plaintiffs' motion for discovery fails to connect a tule elk herd management plan to any purported fact that could rebut Federal Defendants' jurisdictional argument(s). *E.g.*, *Engel v. United States*, 702 F. Supp. 3d 986, 1000 (D. Nev. 2023) ("Discovery may [] be permissible to rebut a factual attack on jurisdiction."); *Lycurgan Inc. v. Jones*, No. 14-CV-1679 JLS BGS, 2014 WL 5393036, at *2 (S.D. Cal. Oct. 22, 2014) (a plaintiff's request for jurisdictional discovery must be relevant to the factual attack made in the defendant's motion to dismiss).

Like the requested elk plan, Plaintiffs' other requests for jurisdictional discovery are irrelevant to rebutting Federal Defendants' alleged "factual attack" on jurisdiction. That those documents might prove useful to Plaintiffs in later stages of this proceeding is not relevant at the motion to dismiss stage.[5] Jurisdictional discovery should not allow Plaintiffs to embark on a fishing expedition to seek to bolster their allegations. *See Marchionda v. Embassy Suites, Inc.*,

---

[4] Many of Plaintiffs' discovery requests, *see* ECF No. 55 at 4–5—including the Tomales Point Area Plan, the 2025 ROD, 2025 Succession Policy, the Cooperative Agreement, and TNC's Lease Option—are public documents that can be found on NPS' website. *See* https://parkplanning.nps.gov/documentsList.cfm?parkID=333&projectID=74313. Plaintiffs' lack of diligence is not a ground for jurisdictional discovery.

[5] In their motion, Plaintiffs cite to *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006). But that case recognizes that jurisdictional discovery is limited to rebutting a defendant's factual attack to jurisdiction. *Id.* Jurisdictional discovery is not an opportunity for a plaintiff to search for new jurisdictional facts that are not alleged in the complaint. *E.g.*, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 706 F. Supp. 3d 1363, 1367–68 (S.D. Fla. 2020) ("[A] party is not entitled to jurisdictional discovery solely to remedy a lack of jurisdictional facts or an insufficient pre-filing investigation.").

122 F. Supp. 3d 208, 211 (D.N.J. 2015) ("Jurisdictional discovery should not, however, serve as 'a fishing expedition' into the underlying merits, all while 'under the guise of jurisdictional discovery.'") quoting *LaSala v. Marfin Popular Bank Public Co.*, Ltd., 410 F. App'x. 474, 478 (3d Cir. 2011)); *see also JMA, Inc. v. Biotronik SE & Co. KG*, 12-CV-23466, 2013 WL 1402322, at *6 (S.D. Fla. Apr. 5, 2013) (denying jurisdictional discovery where plaintiff was "simply searching for a new basis for jurisdiction, not based on anything pled in the complaint").

## III. CONCLUSION

In sum, the Court should deny Plaintiffs' motion for discovery because Federal Defendants facially attacked Plaintiffs' jurisdictional allegations.[6] At most, Federal Defendants' Motion to Dismiss references a single extrinsic document—a letter from West Marin Community Services to Plaintiffs that establishes Plaintiffs will receive generous relocation offers. If the Court finds that single document converts Federal Defendants' 12(b)(1) motion into a factual attack, Federal Defendants will simply withdraw that document (and any reliance thereon) and negate the need for jurisdictional discovery. Outside of that single letter, every other document referenced by Federal Defendants' motion was based on factual allegations in Plaintiffs' Complaint, including references to the third-party contracts between TNC and the Departing Ranchers. Plaintiffs should not be allowed to abuse jurisdictional discovery to receive the same discovery they intended to seek on the merits of their claims, *compare* ECF No. 41 at 12–14 (the discovery Plaintiffs identified in their case management statement) *with* ECF No. 55-1 at Ex. 1, 2 and 3 (the jurisdictional discovery they now seek), especially where Plaintiffs have not shown

[6] The Court should also strike Exhibits 4, 5 and 6 to Alene Taber's declaration. *See* ECF No. 55-1. None of those documents are relevant to supporting Plaintiffs' motion for discovery. Instead, they are Plaintiffs' attempt to communicate information to the Court that is outside of their Complaint and is, frankly, irrelevant to their claims.

how jurisdictional discovery would help them contest the only extrinsic factual assertion made in Federal Defendants' Motion to Dismiss.

For these reasons, the Federal Defendants respectfully request that the Court deny Plaintiffs' motion for discovery.

Dated: May 23, 2025.

Respectfully submitted,

Adam R.F. Gustafson
Acting Assistant Attorney General
U.S. DEPARMENT OF JUSTICE
Environment and Natural Resources Division

/s/ *J. Scott Thomas*

J. SCOTT THOMAS (VA Bar 86439)
Trial Attorney
Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-3553
jeffrey.thomas2@usdoj.gov

David W. Gehlert (CO Bar # 21852)
Trial Attorney
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1386
david.gehlert@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2025, I electronically filed the foregoing **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY** with the Clerk of Court using the ECF system, which will automatically send email notification to the attorneys of record.

*/s/ J. Scott Thomas*
J. SCOTT THOMAS