IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE 1-150 INDIVIDUAL PERSONS,<br>Plaintiff,<br>v.<br>UNITED STATE DEPARTMENT OF INTERIOR, et al.,<br>Defendants. | Case No. 25-cv-01115-MMC<br><br>**ORDER GRANTING MOTION TO INTERVENE; VACATING HEARING** |

Before the Court is the "Motion to Intervene," filed May 2, 2025, by Resource Renewal Institute, Center for Biological Diversity, and Western Watershed Project's (hereinafter, "proposed defendant-intervenors"). Plaintiffs have filed opposition, to which proposed defendant-intervenors have replied.[1] Having read and considered the papers filed in support of and in opposition to the motion,[2] the Court deems the matter appropriate for determination on the parties' respective written submissions, hereby VACATES the hearing scheduled for June 6, 2025, and rules as follows.

"An applicant seeking to intervene as of right under Rule 24 must demonstrate that four requirements are met: (1) the intervention application is timely; (2) the applicant has

---

[1] Defendants have not filed a response to proposed defendant-intervenors' motion.

[2] In addition to the above-referenced filings, the Court hereby GRANTS plaintiffs' unopposed Request for Judicial Notice.

1  a significant protectable interest relating to the property or transaction that is the subject
2  of the action; (3) the disposition of the action may, as a practical matter, impair or impede
3  the applicant's ability to protect its interest; and (4) the existing parties may not
4  adequately represent the applicant's interest." See Citizens for Balanced Use v. Montana
5  Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011) (internal quotation and citation
6  omitted); see also Fed. R. Civ. P. 24(a) (setting forth grounds for intervention as of right).

7  Here, in opposing intervention, plaintiffs do not dispute that the first three factors
8  are met; rather, plaintiffs focus on the fourth factor and argue that proposed defendant-
9  intervenors are adequately represented by the existing defendants. The Ninth Circuit
10 "considers three factors in determining the adequacy of representation: (1) whether the
11 interest of a present party is such that it will undoubtedly make all of a proposed
12 intervenor's arguments; (2) whether the present party is capable and willing to make such
13 arguments; and (3) whether a proposed intervenor would offer any necessary elements
14 to the proceeding that other parties would neglect." See Arakaki v. Cayetano, 324 F.3d
15 1078, 1086 (9th Cir. 2003), as amended (May 13, 2003). "When an applicant for
16 intervention and an existing party have the same ultimate objective, a presumption of
17 adequacy of representation arises"; similarly, "[t]here is . . . an assumption of adequacy
18 when the government is acting on behalf of a constituency that it represents." See id. "To
19 rebut the presumption," a proposed intervenor "must make a 'compelling showing' of
20 inadequacy of representation." See Citizens for Balanced Use v. Montana Wilderness
21 Ass'n, 647 F.3d 893, 898 (9th Cir. 2011) (quoting Arakaki v. Cayetano, 324 F.3d 1078,
22 1086 (9th Cir. 2003)).

23 In the instant case, although the government defendants share proposed
24 defendant-intervenors' primary interest in upholding the Record of Decision ("ROD")
25 challenged by plaintiffs, as proposed defendant-intervenors point out, "NPS's decision not
26 to lease retired ranchlands to other ranchers for new ranching operations is far narrower
27 than [proposed defendant-intervenors'] longstanding position that all ranching should be
28 phased out." (See Mot. at 13:10-12); see also Citizens for Balanced Use, 647 F.3d at 899

1  (finding inadequate representation where environmental groups sought to "secure the
2  broadest possible restrictions" on recreation within public lands while Forest Service
3  contended "much narrower restrictions would suffice").
4    Further, the agency decision being challenged in the instant case was adopted by
5  defendant National Park Service as a direct result of proposed defendant-intervenors'
6  earlier-filed lawsuit, see Resource Renewal Institute et al v. National Park Service, 3:22-
7  cv-00145-MMC, a circumstance the Ninth Circuit has found significant in cases involving
8  government defendants, see, e.g., Citizens for Balanced Use v. Montana Wilderness
9  Ass'n, 647 F.3d 893, 900 (9th Cir. 2011) (finding compelling showing of inadequate
10 representation made where "[defendant] issued [agency decision] . . . only reluctantly in
11 response to successful litigation by [proposed intervenors]"); Oakland Bulk & Oversized
12 Terminal, LLC v. City of Oakland, 960 F.3d 603, 621 (9th Cir. 2020) (holding grounds for
13 intervention exist "when an issue in the earlier litigation is also the reciprocal subject of
14 the action in which the applicant seeks to intervene"). The cases on which plaintiffs rely
15 are distinguishable in that none of the parties therein were in such adverse positions.
16 See, e.g., id. at 621 (affirming denial of intervention where prior lawsuit between parties
17 was "irrelevant to the issues in [later] case"); Prete v. Bradbury, 438 F.3d 949, 957-58
18 (9th Cir. 2006) (holding intervenor-defendants "failed to present evidence sufficient to
19 support a finding that their interests [were] not adequately represented by the
20 [government] defendant," where intervenor-defendants argued government had "budget
21 constraints," possibly was "inclined [to] give an unnecessarily narrow construction of
22 Measure [there at issue]," and lacked intervenor-defendants' "breadth of knowledge").
23   Additionally, as proposed defendant-intervenors also point out, although they and
24 the Nature Conservancy ("TNC") may share a common mission, namely, conservation,
25 the TNC is named as a defendant in only three of plaintiffs' six causes of action, and
26 consequently, did not see a need to defend the ROD in its recently filed Motion to
27 Dismiss. (See Doc. No. 45.) Given the above circumstances, the Court finds proposed
28 defendant-intervenors have made the requisite showing sufficient to warrant

3

1  intervention.[3]

2  Accordingly, the Motion to Intervene is hereby GRANTED.

4  **IT IS SO ORDERED.**

6  Dated: May 30, 2025

   *[signature]*
   MAXINE M. CHESNEY
   United States District Judge

---

[3] Accordingly, the Court does not reach the issue of permissive intervention under Rule 24(b).

4