IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOE 1-150 INDIVIDUAL PERSONS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATE DEPARTMENT OF INTERIOR, et al.,<br><br>Defendants. | Case No. 25-cv-01115-MMC<br><br>**ORDER DENYING PLAINTIFFS' DISCOVERY MOTION** |

Before the Court is plaintiffs' "Motion for Order Requiring Federal Defendants and The Nature Conservancy ["TNC"] to Produce All Documents Responsive to Plaintiffs' Limited Discovery Request and to Shorten Time for Defendants' Response to Discovery," filed May 19, 2025, whereby plaintiffs seek jurisdictional discovery of "evidence Federal Defendants' purport to rely upon in their Motion to Dismiss, as well as rebuttal evidence intended to be relied upon by Plaintiffs in their opposition." (See Mot. at 5:18-20.) Federal Defendants and TNC have filed Oppositions, to which plaintiffs have filed a consolidated Reply. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court rules as follows.[2]

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." See Safe Air for

---

[1] To the extent the above Oppositions include a request to strike Exhibits 4, 5, and/or 6 to the Declaration of Alene Taber, the requests are hereby DENIED.

[2] On May 13, 2025, the Court took the matter under submission. (See Doc. No. 51 (Clerk's Minutes).)

Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," whereas, "in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." See id. (explaining jurisdictional challenge is "a factual attack where it relie[s] on extrinsic evidence and [does] not assert lack of subject matter jurisdiction solely on the basis of the pleadings") (internal quotation and citation omitted).

Here, plaintiffs assert that Federal Defendants, in their Motion to Dismiss, have mounted a "factual attack" by "rel[ying] upon extrinsic evidence, such as the contracts between TNC and six beef cattle ranchers and six dairy farmers." (See Mot. at 2:10-11.) Contrary to plaintiffs' characterization, however, Federal Defendants' Motion to Dismiss constitutes a facial, rather than factual, attack, in that both the existence of the contracts between TNC and the departing ranchers, as well as TNC's commitment to pay the ranchers, are set forth in in plaintiffs' Complaint (see Compl. ¶¶ 93, 112, 115, 131-132), and Federal Defendants have offered no facts disputing plaintiffs' allegations.[3] Rather, Federal Defendants rely on plaintiffs' allegations to argue those facts are, as a matter of law, insufficient to support standing (see, e.g., Fed. Defs.' Mot. to Dismiss at 6:5-24) (stating "[p]laintiffs' alleged injuries are [not] traceable to Federal Defendants' actions" because "the closure of ranches is . . . the result of private contracts" to which Federal Defendants are not signatories)."[4]

Further, even if the Court were to find the attack to jurisdiction to be factual, plaintiffs have failed to meet their burden of "outlin[ing] the scope of such desired discovery, [and] provid[ing] the Court with clear reasons how such discovery would allow

---

[3] The sole extrinsic document offered by Federal Defendants in support of their Motion to Dismiss, a letter from West Marin Community Services, is, as plaintiffs point out, not subject to judicial notice, and, under such circumstances, the Court deems it withdrawn. (See Fed. Defs.' Opp'n. to Mot. for Disc. at 8:12-16.)

[4] By noting the above, the Court makes no determination herein as to the merits of the position taken.

them to demonstrate [jurisdiction]," see Michael v. New century Fin. Servs., 65 F. Supp. 3d 797, 805 n. 1 (N.D. Cal. 2014) (internal citation omitted); see also Yamashita v. LG Chem, Ltd., 62 F.4th 496, 507 (9th Cir. 2023) (holding "hunch that discovery might yield jurisdictionally relevant facts . . . [is] insufficient reason[ ] for a court to grant jurisdictional discovery").

Accordingly, plaintiffs' motion is hereby DENIED.[5]

**IT IS SO ORDERED.**

Dated: June 2, 2025

MAXINE M. CHESNEY
United States District Judge

---

[5] In light of the above ruling, defendant TNC's "Motion to Strike In Part Plaintiffs' Joint Reply . . . or, Alternatively, for Leave to File Sur-Reply" (see Doc. No. 63), is hereby DENIED as moot.

3